U.S. BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re:<br>　　FRANK FRANZO<br>　　LINDA SUSAN FRANKO<br>　　　　Debtor(s) | : <br> : <br> : <br> : | Chapter 13<br><br>Bankruptcy No. 20-03239 RNO |
| ENID MORA<br>　　Movant<br><br>Vs.<br><br>FRANK FRANZO<br>LINDA SUSAN FRANKO<br>　　Respondents<br><br>and<br><br>CHARLES J. DEHART, III<br>　　Trustee | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | |

## RESPONDENT'S RESPONSE TO
## AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY

　　AND NOW, comes the Respondents, Frank Franzo and Linda Susan Franzo, by and through their attorneys, Mattes & Mattes, P.C., who responds to the Movant's Motion as follows:

　　1.　　Admitted.

　　2.　　Denied as stated. To the contrary, Movant is **not** a recipient of a domestic support obligation pursuant to the terms of a divorce settlement agreement but, rather, the recipient of equitable distribution pursuant to said divorce settlement agreement.

　　3.　　Denied. It is specifically denied that there is any "DSO" for the reasons outlined in ¶ 2, *supra*. By way of further response, said provisions were contained with the provisions of equitable distribution.

　　4.　　Denied. It is specifically denied that there is any "DSO" for the reasons outlined in ¶ 2, *supra*.

　　5.　　Denied. To the extent the averment states a conclusion of law to which no responsive pleading is required, none is given. To the extent it pleads factual matters, it is specifically denied that there is any "DSO" for the reasons outlined in ¶ 2, *supra*. By way of

2

further response, it is specifically denied that § 523(a)(5) and § 523(15) is applicable in the case at bar.

6. Denied as stated. The averment is inaccurate and wholly irrelevant to the issue of dischargeability of the debt. By way of further response, it is specifically denied that there is any "DSO" for the reasons outlined in ¶ 2, *supra*.

7. Denied as stated. It is specifically denied that there is any "DSO" for the reasons outlined in ¶ 2, *supra*. By way of further response, it is respectfully submitted that all bankruptcies involve nonpayment of debt. Movant has not presented any cause or reason why her claim should be treated differently.

8. Denied. Movant's desires notwithstanding, Respondents are seeking to discharge the obligation in question. It is believed and, therefore, averred that state court no longer has jurisdiction over the issue but rather the issue comes under the purview of the Bankruptcy Court and should be decided there.

9. Denied. What is and what is not property of the bankruptcy estate is for the Bankruptcy Court to decide, not a state court. Respondents are seeking to discharge the obligation in question. It is believed and, therefore, averred that state court no longer has jurisdiction over the issue but rather the issue comes under the purview of the Bankruptcy Court and should be decided there. By way of further response, it is specifically denied that there is any "DSO" for the reasons outlined in ¶ 2, *supra*.

10. Denied. To the contrary, Respondents are entitled to remain under the protection of the automatic stay. Movant's desires notwithstanding, Respondents are seeking to discharge the obligation in question. It is believed and, therefore, averred that state court no longer has jurisdiction over the issue but rather the issue comes under the purview of the Bankruptcy Court and should be decided there. By way of further response, it is specifically denied that there is any "DRO" for the reasons outlined in ¶ 2, *supra*.

11. Denied. It is specifically denied that there is any "Domestic Support Obligations" owed to Movant for the reasons outlined in ¶ 2, *supra*. By way of further response, Movant is free to object to the discharge of the obligation. Said issue should be heard in Bankruptcy Court at the appropriate time under the appropriate procedure rather than state court.

12. Denied. It is specifically denied that Movant has grounds to waive *Fed.R.Bank.P. 4001(a)(3)*.

13. Denied. It is specifically denied that Movant is entitled to legal fees or any sanction imposed on Respondents for seeking to legally discharge any debts in bankruptcy.

WHEREFORE, Respondents respectfully request this Honorable Court to deny the Movant's Motion in its entirety.

Respectfully submitted,

MATTES & MATTES, P.C.

By: _____
Roger Mattes, Jr., Esquire
Attorneys for the Debtors/Respondents
Frank Franzo and Linda Susan Franzo
324 North Washington Avenue
Scranton, PA 18503-1578
(570) 969-2222
Attorney ID No. 64691

Dated: 12/30/2020